# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### MEMPHIS DIVISION

**UNITED STATES OF AMERICA**

-v-

2:04CR20455-01-Ml

**JONNETTA HAMMOND**

FILED BY _____ D.C.
05 JUL 20 PM 2:38
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

Stephen A. Sauer, CJA
Defense Attorney
200 Jefferson Avenue, #1500
Memphis, TN 38103

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 and 2 of the Indictment on March 3, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1708 | Theft of Stolen Mail Matter | 08/09/2004 | 1 |
| 18 U.S.C. § 513(a) | Possession of Forged Security of an Organization | 08/10/2004 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Counts 3 through 5 dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 11/29/1970
Deft's U.S. Marshal No.: 20032-076

Defendant's Mailing Address:
1598 Pendleton Street
Memphis, TN 38114

Date of Imposition of Sentence:
July 20, 2005

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

July 20, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 7-21-05



## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **14 Months** (or 1 Year and 2 Months) **as to Count 1** and **14 Months** (or 1 Year and 2 Months) **as to Count 2. Counts 1 and 2 are to be served concurrently with each other for a total term of incarceration of 14 Months** (or 1 Year and 2 Months).

**The Court recommends to the Bureau of Prisons:** the defendant be incarcerated at a facility near the Mid-South area.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 2:04CR20455-01-Ml   Defendant Name: Jonnetta HAMMOND                      Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 Years as to Count 1** and **3 Years as to Count 2. Counts 1 and 2 are to be supervised concurrently with each other for a total term of supervision of 3 Years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide third-party risk notification, including notification to an licensing board and her present employer, Saint Francis Hospital.

2. The defendant shall cooperate with DNA collection as directed by the Probation Office.

3. The defendant shall make full financial disclosure.

4. The defendant shall submit to mental health testing and mental health treatment programs as directed by the Probation Office.

5. The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 |  | $4,994.48 |

The Special Assessment shall be due immediately.

Case No: 2:04CR20455-01-Ml   Defendant Name: Jonnetta HAMMOND                    Page 5 of 6

# FINE

No fine imposed.

# RESTITUTION

Restitution in the amount of **$4,994.48** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Trustmark National Bank, Attn: William Toombs, Fraud Investigator/Security Department 248 E. Capitol Street Jackson, MS 39201 | $4,994.48 | $4,994.48 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

Case No: 2:04CR20455-01-MI   Defendant Name: Jonnetta HAMMOND                              Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    E.    Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in regular monthly installments of not less than 10% of gross monthly income. Additionally, the interest requirement is waived.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:04-CR-20455 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Valeria Rae Oliver
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Stephen A. Sauer
LAW OFFICE OF STEPHEN A. SAUER
8 S. Third St.
4th Floor
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT